IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

STACY BAILEY,                         §
                                      §
        Plaintiff,                    §
                                      §
VS.                                   §         CIVIL ACTION NO. _____
                                      §
MANSFIELD INDEPENDENT                 §
SCHOOL DISTRICT,                      §
DR. JIM VASZAUSKAS, AND               §
DR. KIMBERLY CANTU,                   §
                                      §
        Defendants.                   §

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, the Plaintiff, Stacy Bailey, and files her Original Complaint complaining of Defendants, Mansfield Independent School District, Dr. Jim Vaszauskas, and Dr. Kimberly Cantu, and for cause of action would respectfully show the Court as follows:

### I.

### JURISDICTION

1.      It appears that the Court has jurisdiction under 28 U.S.C. § 1331 because there is a federal question, and 42 U.S.C. § 1988(a).

### II.

### VENUE

2.      Venue is proper in the Northern District of Texas because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred there.

## III.

## PARTIES

3.      Plaintiff Stacy Bailey is an individual who is a citizen of the State of Texas and lives in Dallas, Texas with her wife.

4.      Defendant Mansfield Independent School District ("Mansfield ISD") is a school district organized under the laws of the State of Texas and may be served by serving its Superintendent, Dr. Jim Vaszauskas, and may be served at his place of employment, Mansfield ISD, 605 E. Broad Street, Mansfield, Texas 76063.

5.      Defendant Dr. Jim Vaszauskas, Superintendent of Mansfield Independent School District and may be served at his place of employment, Mansfield ISD, 605 E. Broad Street, Mansfield, Texas 76063.

6.      Defendant Dr. Kimberly Cantu, Associate Superintendent, Human Resources, is an individual who may be served at her place of employment, Mansfield ISD, 605 E. Broad Street, Mansfield, Texas 76063.

## IV.

## FACTS

7.      Plaintiff is a teacher with Mansfield ISD.

8.      Plaintiff has taught art at Charlotte Anderson Elementary School.

9.      Defendant Mansfield ISD repeatedly gave Plaintiff exemplary performance evaluations.

10.     For two of those years, Plaintiff was selected as Teacher of the Year at Charlotte Anderson Elementary School.

11.     Plaintiff has a dedication to and love for her students.

12.     Defendant Dr. Jim Vaszauskas ("Defendant Vaszauskas") is the Superintendent of Mansfield ISD.

13.     Defendant Dr. Kimberly Cantu ("Defendant Cantu") is the Associate Superintendent, Human Resources of Mansfield ISD.

14.     Plaintiff is lesbian/gay and was born that way.

15.     For the last six years, Plaintiff was open about who she was at work but never used sexual or mature terms with students.

16.     On or about August 23, 2018, while providing an introduction to a class, by showing "First Day of School" power point, Plaintiff shared photos of her parents, her family, her "future wife," her best friends, and pictures of Plaintiff as a child in an effort to engage the students. This technique is widely used by other teachers. Plaintiff then showed the students slides providing class rules, rewards and expectations for the year.

17.     Later that week, Plaintiff was informed by the Principal that a parent complained to the school board and superintendent about Plaintiff promoting the "homosexual agenda" by discussing her "future wife." The Principal said, "I don't think you did anything wrong but I don't know what's going to happen."

18.     On or about August 25, 2017, Defendant Cantu met with Plaintiff to discuss the parent complaint. Defendant Cantu said, "You can't promote your lifestyle in the classroom." Plaintiff said, "We plan to get married. When I have a wife, I should be able to say this is my wife without fear of harassment.   When I state that, it is a fact about my life, not a political statement." Defendant Cantu responded, "Well right now it kind of is (a political statement)."

19.     When Plaintiff inquired about changing policy to keep this from happening again Defendant Cantu said, "You are right. It is time to get the ball rolling on that. You need to realize this is Mansfield and there could be some pushback."

20.     Dr. Cantu told Plaintiff she had done nothing wrong.

21.     Later that night, Plaintiff sent an email to Defendant Mansfield ISD requesting it enact policy expressly prohibiting discrimination against lesbian and gays.

22.     On September 8, 2017, Defendant Cantu took Plaintiff out of her class for a meeting. Defendant Cantu informed Plaintiff there was another complaint from a parent. This complaint was from the same parent who made the previous complaint.

23.     Plaintiff had a wholistic approach to teaching about artists. Plaintiff taught about artist Jasper Johns and mentioned he served in the Korean War and he had a partner named Robert Rauchenberg, who was also an artist that she taught third grade students the prior year. Plaintiff also taught bout other artists and their partners, including Frida Kahbo and Diego Rivera.

24.     Defendant Cantu said the complaint was that Plaintiff had shown sexually inappropriate images to children. Plaintiff did no such thing. Plaintiff refused to sign the documentation. Plaintiff said "This is discrimination. This is wrong and it might even be illegal. I'm not signing it." Plaintiff asked, "How long can I expect this to last?" Defendant Cantu said, "It could last two days, it could last two weeks."

25.     Since September 8, 2017, Plaintiff has not been allowed to perform her duties as a teacher.

26.     Plaintiff discovered the parent who made the initial two complaints enlisted three other parents to complain about her.

27.     On October 30, 2017 Defendant Mansfield ISD asked for Plaintiff's resignation. Plaintiff refused.

28.     On January 9, 2018, Defendant Cantu and Defendant Mansfield ISD's attorney Mike Leasor met with Plaintiff. Leasor said maybe Plaintiff had an agenda. Plaintiff indicated she was ready to go back to Charlotte Anderson Elementary.

29.     In late January 2018, Defendant Mansfield ISD first indicated it may not renew Plaintiff's contract.

30.     Parents and students informed Defendant Mansfield ISD that Plaintiff was a good teacher and should be brought back.

31.     On March 27, 2018, Defendant Mansfield ISD issued a memo to the public and press about Plaintiff, contrary to its own practice and policy of not publicly discussing personnel issues. The memo contained multiple falsehoods. This memo generated widespread media attention and public outcry regarding Defendant Mansfield ISD mishandling of the situation.

32.     By letter dated April 4, 2018, Plaintiff requested that she be allowed to return to Charlotte Anderson Elementary.

33.     On April 24, 2018, Defendant Mansfield ISD voted to renew Plaintiff's contract.

34.     By letter dated May 1, 2018, Plaintiff was informed by Defendant Vaszauskas that she would be transferred to a secondary school and, thus, will not be returning to Charlotte Anderson Elementary.

35.     Defendants' actions have damaged Plaintiff's career and imposing a stigma on Plaintiff, making it more difficult to obtain future employment in other school districts, especially as an elementary school teacher.

36.     Other school districts ask whether a teacher has previously been placed in administrative leave on their application for employment as a teacher and use this information to disqualify applicants.

37.    Plaintiff and her spouse were married on March 16, 2018 and they have been together since May 2011.

38.    Defendant Vaszauskas made all decisions regarding Plaintiff's administrative leave and subsequent actions.

## V.

## CAUSES OF ACTION

39.    Defendants placed Plaintiff on administrative leave, improperly publicly discussed her employment status publicly, refused to return her to her previous position in an elementary school, transferred her to a secondary school and determined she was not appropriate to teach elementary students all because of her sexual orientation and status as a lesbian in violation of the 14th Amendment's Equal Protection Clause of the United States Constitution and, thus, in violation of 42 U.S.C. § 1983.

40.    Defendants placed Plaintiff on administrative leave, improperly publicly discussed her employment status publicly, refused to return her to her previous position in an elementary school, transferred her to a secondary school and determined she was not appropriate to teach elementary students all because of her sexual orientation and status as a lesbian in violation of the Equal Protection Clause of the Texas Constitution, Article I, § 3.

41.    Defendants placed Plaintiff on administrative leave, improperly publicly discussed her employment status publicly, refused to return her to her previous position in an elementary school, transferred her to a secondary school and determined she was not appropriate to teach elementary students all because of her sexual orientation and status as a lesbian in violation of the Texas Equal Rights Amendment, Article I, § 3a.

## VI.

## DAMAGES

42.    As a result of Defendants' actions, Plaintiff has suffered in the past, and in all reasonable likelihood, will suffer in the future, damages including, lost earning capacity, mental anguish, emotional pain and suffering, lost employment benefits, inconvenience, loss of enjoyment of life, damage to professional reputation, and other damages.

43.    Moreover, Defendants engaged its actions with malice, therefore, Plaintiff is entitled to punitive damages.

44.    Plaintiff seeks a declaration that Defendants illegally discriminated against Plaintiff because of her sexual orientation.

45.    Plaintiff also seeks reinstatement to her position at Charlotte Anderson Elementary.

46.    Plaintiff seeks attorney fees pursuant to 42 U.S.C. § 1988(b).

## VII.

## JURY DEMAND

47.    Plaintiff demands a jury trial.

## VIII.

## PRAYER

48.    WHEREFORE, Plaintiff prays that the Defendants be duly cited to appear and answer herein, that upon a final trial of this cause, Plaintiff recover:

1.    Judgment against Defendants, for Plaintiff's damages as set forth above;

2.    Reinstatement to her position at Charlotte Anderson Elementary;

3.    A declaration that Defendants illegally discriminated against Plaintiff because of her sexual orientation;

4.      Attorney's fees;

5.      Interest on said judgment at the legal rate from date of judgment;

6.      Prejudgment interest as allowed by law;

7.      Costs of Court; and

8.      Such other and further relief to which Plaintiff may be entitled.


Respectfully submitted,


/s/ JASON C.N. SMITH
JASON C.N. SMITH
State Bar No.   00784999

LAW OFFICES OF JASON SMITH
600 Eighth Avenue
Fort Worth, Texas 76104
Telecopier: (817) 334-0880
Telephone: (817) 334-0898
E-mail: jasons@letsgotocourt.com
ATTORNEYS FOR PLAINTIFF