IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STACEY BAILEY, | § | |
|     PLAINTIFF, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:18-CV-01161-L |
| | § | |
| MANSFIELD INDEPENDENT SCHOOL DISTRICT, *et al.*, | § § | |
|     DEFENDANTS. | § | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE SURREPLY**

Defendants Mansfield Independent School District, Dr. Jim Vaszauskas, and Dr. Kimberly Cantu (collectively, Defendants) file their response to Plaintiff Stacey Bailey's motion for leave to file a surreply and in support thereof would respectfully state as follows:

1. Historically, this Court "frowns on surreplies," *Appel v. Inspire Pharm., Inc.*, 712 F. Supp. 2d 538, 549 (N.D. Tex. 2010), because:

> Once a motion is filed, the Local Civil Rules permit a response by the nonmovant and a reply by the movant. *See* Local Civil Rule 7.1. Thus, the movant is entitled to file the last pleading. Surreplies, and any other filing that serves the purpose or has the effect of a surreply, are highly disfavored, as they usually are a strategic effort by the nonmovant to have the last word on a matter. The court has found that surreplies usually are not that helpful in resolving pending matters, and it only permits filings beyond Local Civil Rule 7.1 in exceptional or extraordinary circumstances. Consequently, a party must not seek leave to file a surreply as a routine matter.

*My Fabric Designs, Inc. v. F+W Media, Inc.*, No. 3:17-CV-2112-L, 2018 WL 1138436, at *10 (N.D. Tex. Mar. 2, 2018); *see also Lynch v. Union Pac. R.R. Co.*, No. 3:13-CV-2701-L, 2015 WL 6807716, at *2 (N.D. Tex. Nov. 6, 2015).

2. This is not an "exceptional or extraordinary" circumstance "in which a new issue was raised for the first time in a reply that would require the court to give [the plaintiff] an opportunity to respond to Defendant[s'] reply . . . ." *Lynch*, 2015 WL 6807716, at *1.

3. In her motion, Plaintiff contends that Defendants' counsel failed to cite and address Mansfield I.S.D. policies in violation of his ethical obligations. First, under Rule 12(b)(6) standards, this Court "cannot look beyond the pleadings" and must accept as true only the policies relied upon and cited by Plaintiff in her complaint. *See Mohamed v. Irving Indep. Sch. Dist.*, 252 F. Supp. 3d 602, 613 (N.D. Tex. May 18, 2017) (citing *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007) (per curiam); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996)). Second, Defendants' counsel did not fail to disclose any policies; Mansfield I.S.D. policies have been publicly available to Plaintiff prior to, and after, filing her complaint, her

amended complaint, and her response to Defendants' motion to dismiss.[1]  Third, Defendants have briefed at length what constitutes "policy" and a "policymaker" for the purposes of establishing municipal liability under 42 U.S.C. § 1983.  The policies now raised by Plaintiff—for the first time in a surreply—do not establish Mansfield I.S.D. "policy" for the purposes of § 1983 liability and do not establish Defendant Vaszauskas is a "policymaker" for purposes of § 1983 liability.

4. If the Court is inclined to grant Plaintiff's motion, Defendants would respectfully request the opportunity to respond to Plaintiff's surreply.

## CONCLUSION

For the reasons stated herein, Defendants Mansfield Independent School District, Dr. Vaszauskas, and Dr. Cantu request that this Court deny Plaintiff's motion for leave to file a surreply and enter such other and further relief to which the Defendants may show themselves to be justly entitled.

Respectfully submitted,

*/s/ Thomas E. Myers*
Thomas E. Myers
State Bar No.14765450
Kevin C. Smith
State Bar No. 24102511

BRACKETT & ELLIS, P.C.
100 Main Street

---

[1] All Mansfield I.S.D. policies are published online and can be accessed from Mansfield I.S.D.'s website (https://www.mansfieldisd.org).  The website provides a link entitled "Board Policies," which links the user to Mansfield I.S.D.'s policies at https://pol.tasb.org/home/index/1104.

>Fort Worth, Texas 76102-3090
>Telephone: (817) 338-1700
>FAX: (817) 870-2265
>tmyers@belaw.com
>ksmith@belaw.com
>
>ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 21, 2018, copies of this pleading were served upon counsel for Plaintiff using the court's CM/ECF system which will provide a notice of electronic filing to the following counsel of record:

| | |
|---|---|
| Jason Smith<br>Law Offices of Jason Smith<br>600 Eighth Avenue<br>Fort Worth, Texas 76104 | *Via Electronic Delivery:*<br>jasons@letsgotocourt.com<br><br>/s/ *Thomas E. Myers*<br>Thomas E. Myers |

882717-v4/7900-122000

4