IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STACY BAILEY, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | Civil Action No. **3:18-CV-1161-L** |
| MANSFIELD INDEPENDENT SCHOOL | § | |
| DISTRICT; DR. JIM VASZAUSKAS; and | § | |
| DR. KIMBERLY CANTU, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion for Leave to File Surreply to Defendant's Reply to Plaintiff's Response to Defendants' Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim and Brief in Support (Doc. 24), filed December 13, 2018 ("Plaintiff's Motion for Leave"). Having considered the motion, response, pleadings, proposed surreply and exhibits thereto, and applicable law, and for the reasons that follow, the court **denies** Plaintiff's Motion for Leave to File Surreply to Defendant's Reply to Plaintiff's Response to Defendants' Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim and Brief in Support (Doc. 24).

**I.**

In this civil action, Plaintiff Stacey Bailey ("Bailey"), an art teacher employed by the Mansfield Independent School District ("Mansfield I.S.D."), asserts federal and state law claims pursuant to 42 U.S.C. § 1983 against Defendants Mansfield I.S.D.; its Superintendent, Dr. Jim Vaszauskas ("Dr. Vaszauskas"); and its Associate Superintendent for Human Resources, Dr. Kimberly Cantu, in connection with her eight-month administrative suspension and eventual transfer

to a different school after she, among other things, allegedly showed a photograph of her same-sex fiancé to second-grade students during a "First Day of School" PowerPoint presentation and later discussed the sexual orientation of certain artists with her fourth-grade art class. Bailey alleges Defendants took adverse actions against her because of her sexual orientation and status as a lesbian in violation of federal and state law. Specifically, she brings the following claims: (1) a "Violation of the Right to Marry" pursuant to the Fourteenth Amendment; (2) a violation of "the Equal Protection Clause of the U.S. Constitution"; (3) a procedural due process violation; (4) an Equal Protection violation under the Texas Constitution, Article I, § 3; and (5) a violation under the Texas Equal Rights Amendment, Article I, § 3. *See* Pl.'s First Am. Compl. ("Complaint") (Doc. 13).

On October 2, 2018, Defendants filed a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See* Doc. 14. Among other things, Defendants argued that Bailey's claims against the Mansfield I.S.D. and Dr. Vaszauskas, as sued in his official capacity, should be dismissed because she failed to adequately plead municipal liability under *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694-95 (1978) and related cases. After the motion was fully briefed, Bailey sought leave to file her surreply, arguing that Defendants in their reply brief filed November 30, 2018, "fail[] to cite and discuss applicable legal authority in the form of Defendant ISD policy that delegates policy making authority to Defendant [Dr. Jim] Vaszauskas relating to sweeping powers regarding suspension, reassignment and other personnel actions concerning teachers, thus making Defendant Vaszauskas a policymaker for purposes of section 1983[.]" Pl.'s Mot. for Leave 1-2. According to Bailey, after she filed her November 2, 2018 response to Defendants' Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim, during the week of November 12, 2018, her counsel "became aware of Defendant Mansfield I.S.D. policy

**Memorandum Opinion and Order – Page 2**

DFBA (Local)," which provides a "term contract employee may be suspended with pay and placed on administrative leave by the Superintendent during an investigation . . . or at any time the Superintendent determines that the District's best interests will be served by the suspension." *See* Ex. B to Pl.'s Mot. for Leave. Bailey further informs the court that on or about December 8, 2018, her counsel became aware of Defendant Mansfield I.S.D. policy DK (Local), which provides that "All personnel are employed subject to assignment and reassignment by the Superintendent or designee when the Superintendent determines that the assignment or reassignment is in the best interest of the District." *See* Ex. C to Pl.'s Mot. for Leave.

In opposition to Plaintiff's Motion for Leave, Defendants argue that the court should deny the motion since: (1) there are no "exceptional or extraordinary" circumstances warranting a surreply; (2) under Rule 12(b)(6), the court may not look beyond the pleadings; (3) Defendant's counsel did not fail to disclose any policy, and all Mansfield I.S.D. policies "have been publicly available to Plaintiff prior to, and after, filing her complaint, her amended complaint, and her response to Defendants' motion to dismiss[]"; and (4) in any event, the "policies" raised by Plaintiff (for the first time in her surreply), "do not establish Manfield I.S.D. 'policy' for purposes of § 1983 liability and do not establish Defendant Vaszauskas is a 'policymaker' for purposes of § 1983 liability." Defs.' Resp. 2-3 (Doc. 26).

## II.

Once a motion is filed, the Local Civil Rules permit a response by the nonmovant and a reply by the movant. *See* Local Civil Rule 7.1. Thus, the movant is entitled to file the last pleading. Surreplies, and any other filing that serves the purpose or has the effect of a surreply, are highly disfavored, as they usually are a strategic effort by the nonmovant to have the last word on a matter.

**Memorandum Opinion and Order – Page 3**

The court has found that surreplies usually are not that helpful in resolving pending matters, and it only permits filings beyond Local Civil Rule 7.1 in exceptional or extraordinary circumstances. Consequently, a party must not seek leave to file a surreply as a routine matter.

Bailey has failed to persuade the court that this is an "exceptional or extraordinary" circumstance warranting a surreply. First, as Defendants correctly argue, in considering whether to grant or deny a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the court cannot look beyond the pleadings. *See Sonnier v. State Farm Mutual Auto Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007).[*] Bailey makes no allegations in the Complaint concerning Mansfield I.S.D. policy DFBA (Local) and Mansfield I.S.D. policy DK (Local), nor does she allege that final policymaking authority has been delegated to Dr. Vaszauskas. Bailey alleges in conclusory fashion only that: "Defendant Vaszauskas is the Superintendent of Mansfield ISD. As such, Defendant Vaszauskas is a final policy maker of Defendant Mansfield ISD." Compl. ¶ 12. She also alleges that "Defendant Vaszauskas is a final policy maker for Defendant Mansfield ISD and he made all decisions regarding Plaintiff's administrative leave and subsequent actions." *Id.* ¶ 54. On the face of the pleadings, therefore, the legal theory that final policymaking authority was delegated to Dr. Vaszauskas, is not before the court.

---

[*] The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint and not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted). Further, it is well-established and "'clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record.'" *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

Second, Bailey's contention that these "policies" render Dr. Vaszauscas a final policymaker for purposes of imposing liability under section 1983 against Mansfied I.S.D. rests on a misunderstanding of municipal liability under section 1983 and, from what the court can discern, possible confusion concerning the difference between a final decisionmaker and a final policymaker under section 1983 jurisprudence. Although a more through recitation of governing law will be provided in the court's memorandum opinion and order on the pending motion to dismiss, a brief synopsis is required to highlight the futility of allowing Bailey leave to file her surreply with the attached "policies" she now contends demonstrate that Dr. Vaszauskas is the final policymaker.

Parties can sue a municipality that has violated their constitutional rights "under color of any statute, ordinance, regulation, custom, or usage." 42 U.S.C. § 1983 (2015); *see also Monell*, 436 U.S. at 690 (holding that municipalities are "persons" for purposes of § 1983). A governmental entity, such as the Mansfield I.S.D., can be sued and subjected to monetary damages and injunctive relief under 42 U.S.C. § 1983 only if its official policy or custom causes a person to be deprived of a federally protected right. *Board of the Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 694. A governmental entity *cannot* be liable for civil rights violations under a theory of respondeat superior or vicarious liability. *Id.*; *see also Barrow v. Greenville Indep. Sch. Dist.*, 480 F.3d 377, 380 (5th Cir. 2007) ("A school district has no vicarious liability under § 1983."). Official policy is defined as:

> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the [school district] lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or
>
> 2. A persistent, widespread practice of [school district] officials or employees which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents [school

district] policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the [school district] or to an official to whom that body had delegated policy-making authority.

*Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (*en banc*); *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984) (*en banc*). For purposes of a motion to dismiss under Rule 12(b)(6), a plaintiff must plead facts from which the court can reasonably infer that the "challenged policy was promulgated or ratified by the [school district's] policymaker." *Groden v. City of Dallas, Texas*, 826 F.3d 280, 285 (5th Cir. 2016). The ultimate question in deciding the sufficiency of a complaint is whether a person has alleged facts to show that a policymaker promulgated or ratified an unconstitutional policy that resulted in injury to him or her.

Further, as the Fifth Circuit explained in *Bolton v. City of Dallas, Tex.*, 541 F.3d 545, 548-49 (5th Cir. 2008):

> It is well-established that a single unconstitutional action by a municipal actor may give rise to municipal liability if that actor is a final policymaker. *Woodard v. Andrus*, 419 F.3d 348, 352 (5th Cir. 2005). Accordingly, this "court's task is to 'identify those officials or governmental bodies who speak with final policymaking authority for the local governmental actor concerning the action alleged to have caused the particular constitutional or statutory violation at issue.'" *McMillian v. Monroe County*, 520 U.S. 781, 784-85, 117 S.Ct. 1734, 138 L.Ed. 2d 1 (1997) (quoting *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989)). This inquiry is specific to the particular action at issue, *see id.* at 785, 117 S.Ct. 1734, and depends on an analysis of relevant state and local law, *see Jett*, 491 U.S. at 737, 109 S.Ct. 2702.
>
> Our analysis must also take into account the *difference between final decisionmaking authority and final policymaking authority*, a distinction that this circuit recognized as fundamental in *Jett v. Dallas Independent School District*, 7 F.3d 1241, 1247 (5th Cir. 1993). The distinction between final decisionmaker and final policymaker has its origin in two Supreme Court plurality opinions, *Pembaur v. City of Cincinnati*, 475 U.S. 469, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986), and *City of St. Louis v. Praprotnik*, 485 U.S. 112, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988). Both opinions concluded that discretion to exercise a particular function does not

> necessarily entail final policymaking authority over that function. *Pembaur*, 475 U.S. at 483-84, 106 S.Ct. 1292; *Praprotnik*, 485 U.S. at 130, 108 S.Ct. 915.

*Bolton*, 541 F.3d at 548-49 (footnotes omitted) (emphasis added).

Here, even assuming, *arguendo*, that Dr. Vaszauskas has final decisionmaking authority with respect to personnel decisions, that alone does not demonstrate that Manfield I.S.D. delegated final policymaking authority to him. As this court has recognized, "[u]nder Texas law, the final policymaking authority in an independent school district rests with the district's trustees." *Mohamed v. Irving Indep. Sch. Dist.*, 252 F. Supp. 3d 602, 613 n.6 (N.D. Tex. 2017) (citing *Jett*, 7 F.3d at 1245); *see also* Tex. Educ. Code §§ 11.051, .151. In addition, the Fifth Circuit has long recognized Texas law is "clear that final policymaking authority in an independent school district . . . rests with the district's board of trustees." *Jett*, 7 F.3d at 1245. The Fifth Circuit also acknowledged that "[n]othing in the Texas Education Code purports to give the Superintendent any policymaking authority or the power to make rules or regulations, whether as to teacher or teacher/coach transfers or otherwise." *Id.* (footnote omitted); *see also Barrow*, 480 F.3d at 381-82 (holding that a school superintendent, who had the "sole authority" to make personnel recommendations to the school board, was not a final policymaker when the board could reject those recommendations, even though it had statutory power to delegate final authority over personnel decisions to the superintendent).

### III.

For the foregoing reasons, as well as those set forth in Defendants' response brief (Doc. 26), the court **denies** Plaintiff's Motion for Leave to File Surreply to Defendant's Reply to Plaintiff's Response to Defendants' Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim and Brief in Support (Doc. 24).

**It is so ordered** this 10th day of January, 2019.

_____
Sam A. Lindsay
United States District Judge